IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA
ex rel. MAGNOLIA CITY HOSPITAL                               PLAINTIFF

VS.                              CASE NO. 98-CV-1097

MEDICAL BUSINESS ASSOCIATES, L.L.C.;
HAROLD EVANS; GREG EVANS; BUNKER
HILL, L.L.C.; and MAGNOLIA CITY HOSPITAL                     DEFENDANTS

## MEMORANDUM OPINION

Before the Court are three renewed motions–a Petition for Reimbursement of Relator Expenses, Attorney Fees and Costs filed on behalf of Relator, Magnolia City Hospital (Doc. No. 154); a Motion for Reconsideration filed on behalf of Medical Business Associates, L.L.C., Harold Evans, Greg Evans and Bunker Hill, L.L.C. ("MBA Defendants")(Doc. No. 152); and a Motion for Evidentiary Hearing and Discovery filed on behalf of the MBA Defendants (Doc. No. 162). Responses and replies have been filed in regards to each motion. The matter is ripe for consideration and the Court is ready to rule.

These motions were initially filed in this Court in late 2002. In early 2003, the Court denied all three motions on the ground that the MBA Defendants had filed a Notice of Appeal to the Eighth Circuit which rendered this Court without jurisdiction to rule on the motions. On August 2, 2004, the Eighth Circuit ruled that the Order which the Defendants appealed was not final, therefore, the appeal was dismissed for lack of jurisdiction. The case was then returned to this Court.

On October 12, 2004, Magnolia Hospital renewed its previously filed petition for expenses, fees and costs. (Doc. No. 187). Defendants Harold Evans, Greg Evans and Bunker Hill, L.L.C. responded and renewed their previously filed motions for reconsideration and for an evidentiary hearing and discovery. (Doc. No. 188). Defendant Medical Business Associates, L.L.C. did not join the response because, on January 30, 2003, MBA had filed Chapter 11 bankruptcy in Tennessee, <u>In re Medical Business Associates, L.L.C</u>, Case No. 03-bk-1182 (M.D. Tenn.-Cookeville), and it was under the protection of the bankruptcy court.

In light of MBA's bankruptcy, the Court declined to rule on the parties' renewed motions. The Court has recently been notified that the bankruptcy case involving MBA was closed on September 9, 2005. The Court is now ready to rule on the renewed motions in this case– Magnolia Hospital's Petition for Reimbursement of Relator Expenses, Attorney Fees and Costs, the MBA Defendants' Motion for Reconsideration and their Motion for Evidentiary Hearing and Discovery.

## **BACKGROUND**

In May 1996, Magnolia City Hospital engaged Medical Business Associates to help increase the Hospital's Medicare reimbursement rate. Under their agreement, the Hospital electronically transmitted its Medicare patient records to MBA. MBA then coded the records (assigned certain designations to the records from which Medicare's reimbursement to the Hospital could be determined). MBA's compensation was based upon a percentage of the increase in reimbursements to the Hospital from Medicare.

In November 1997, the Hospital reviewed its procedure of sending out its Medicare records for coding. In the review, the Hospital found up-coding of its charges for Medicare

patients. Upon finding the up-coding, the Hospital terminated its agreement with MBA and hired ZA Consulting to perform an audit to determine the amount Medicare had overpaid the hospital. Once the amount of overpayment was determined, the Hospital notified Medicare and tendered $25,000 as a good faith payment toward the overcharges. The Hospital later refunded to the government the balance of the overpayments which amounted to $300,029.80.

On September 25, 1998, the Hospital filed this *qui tam* action against MBA and other related parties under the False Claims Act, codified at 31 U.S.C. §3729, *et seq*. Some two years later, the United States partially intervened, and, on December 11, 2000, the government filed a Complaint against Medical Business Associates, L.L.C., Harold Evans, Greg Evans, Bunker Hill, L.L.C. ("MBA Defendants") and Magnolia City Hospital. TheHospital , averring that the government failed to join all the necessary parties, filed a Third Party Complaint against four former MBA employees, Dallas Riley, Ken Peebles, Bob Prickett and W. J. Poss, on June 5, 2001.

The government eventually settled the case in the summer of 2002. The Hospital was required to pay an additional $69,849.21, which represented the amount of prejudgment interest on the overpayment, and the MBA Defendants were required to pay $162,500.00. On July 15, 2002, the Hospital dismissed its Third Party Complaint against the former MBA employees.

Thereafter, on July 29, 2002, Magnolia Hospital filed a Petition for Award to *Qui Tam* Plaintiff and a Petition for Reimbursement of Relator Expenses, Fees and Costs against MBA Defendants. By Order filed November 12, 2002, the Court found that the Hospital, as *qui tam* plaintiff, was entitled to 25% of the proceeds of the settlement between the government and the MBA Defendants. The Court also found that the MBA Defendants should reimburse the

Hospital for its reasonable attorney fees, costs and expenses associated with its role as relator in this case. The MBA Defendants were ordered to reimburse the Hospital $150.00 for court costs and $115,224.80 for two thirds of the cost of hiring ZA Consulting. The MBA Defendants were also ordered to pay the Hospital an amount to be determined by the Court for reasonable attorneys' fees and expenses associated with the Hospital's role as *qui tam* relator. Because the Court was unable to determine how much of the fees and expenses submitted by the Hospital were associated with its role as relator, the Hospital was directed to supplement its petition, specifying what portions of the fees and expenses related to that role.

On November 26, 2002, the MBA Defendants filed their Motion to Reconsider asking the Court to reconsider its Order granting Magnolia's petition for attorneys fees, costs and expenses. (Doc. No. 152). On December 2, 2002, as ordered by the Court, the Hospital supplemented its petition for attorneys fees, costs and expenses. (Doc. No. 154). Before the Court could rule on either the fee petition or the motion to reconsider, the MBA Defendants filed a Notice of Appeal appealing the Court's November 12, 2002, Order to the Eighth Circuit Court of Appeals. On December 20, 2002, the MBA Defendants filed their Motion for Evidentiary Hearing and Discovery asking the Court to allow discovery as to the Hospital's fee petition and for an evidentiary hearing on the same.

On January 10, 2002, the Court denied all three motions on the ground that the MBA Defendants had filed a Notice of Appeal to the Eighth Circuit which rendered this Court without jurisdiction to rule on the motions. On August 2, 2004, the Eighth Circuit dismissed the MBA Defendants' appeal. The matter was returned to this Court. In October 2004, the fee petition, the motion to reconsider and the motion for evidentiary hearing and discovery were renewed by

the parties. The Court has declined to rule on these motions because Medical Business Associates had filed bankruptcy and was under the protection of the Bankruptcy Court in Tennessee. The bankruptcy proceeding in Tennessee is now closed and the Court is ready to rule on the parties' renewed motions.

## DISCUSSION

### I. The MBA Defendants' Motion to Reconsider.

The MBA Defendants have asked the Court to reconsider its Order awarding Magnolia Hospital $115,224.80 for two thirds of the expense of hiring ZA Consulting. After reviewing the Defendants' arguments, the Court believes that it was justified in ordering the Defendants to reimburse Magnolia Hospital for these expenses. The False Claims Act provides that the relator shall receive reasonable expenses which the Court finds to have been necessarily incurred. 31 U.S.C. §3730(d)(1). The work performed by ZA Consulting was necessary for the successful prosecution of the *qui tam* proceeding, therefore, Magnolia is entitled to reimbursement for these expenses. However, a portion of the work performed by ZA related to the Hospital's arbitration proceeding with MBA. As a result, the Court reduced the requested reimbursement by one third. The Court believes the remaining fees to be reasonable and necessary and are, thus, recoverable by the *qui tam* relator. Therefore, Defendants' motion to reconsider in regards to ZA Consulting's fees is hereby denied and the award of $115,224.80 stands.

The Defendants also ask the Court to reconsider its award of attorneys' fees and expenses to Magnolia Hospital. The False Claims Acts provides that the relator shall receive an award of reasonable attorneys' fees and costs. The Court believes that an award of reasonable attorneys' fees and expenses incurred by the Hospital in its role as relator is appropriate.

5

Therefore, the Defendants' motion to reconsider in regards to the Court's award of attorneys' fees and expenses is hereby denied.

**II. The MBA Defendants' Motion for Evidentiary Hearing and Discovery.**

The MBA Defendants have asked the Court to conduct an evidentiary hearing to enable the Court to determine the legal expenditures incurred by the hospital in its role as *qui tam* relator. They also request that the Court allow them to conduct discovery to enable them to respond to Magnolia's Petition for Fees and Supplemental Motion. After reviewing the Hospital's supplemental petition for expenses, fees and costs and Defendants' response to that petition, the Court does not believe that additional discovery or an evidentiary hearing is necessary. From the statements submitted in the Hospital's supplement petition, the Court is able to segregate the fees and expenses incurred by the Hospital in its role as relator from those incurred by the Hospital in other roles. From this, the Court will determine an award of reasonable attorneys' fees and expenses in favor of the Hospital and against the MBA Defendants. Therefore, the Defendants' motion for an evidentiary hearing and discovery is hereby denied.

**III. Magnolia Hospital's Petition for Reimbursement of Expenses, Fees and Costs.**

Magnolia Hospital has petitioned the Court for reimbursement of its attorneys' fees, expenses and costs. The MBA Defendants argue that an award of such fees, expenses and costs would be unjust. This argument is contrary to the statute's mandate. The statute directs that a successful *qui tam* relator shall receive reasonable expenses, attorneys' fees and costs. This Court must comply with the plain language of the statute and award the Hospital its reasonable costs, expenses and attorneys' fees. The Court has already awarded the Hospital its filing fee

and two thirds of the cost of retaining ZA Consulting. It has also determined that an award of attorneys' fees and expenses incurred by the Hospital in its role as *qui tam* relator is appropriate. The only thing the Court must determine now is the amount of attorneys' fees and expenses that is reasonable.

The MBA Defendants contend that such a determination is impossible in light of the inadequate documentation submitted by the Hospital in its fee request. However, the Court believes that the Hospital has met its initial burden of proof by submitting its legal bills and affidavits from counsel which set forth their hourly rate and state that the hours expended were reasonable. It is now the Court's job to determine a reasonable amount to be paid to the Hospital in its role a *qui tam* relator in this case.

The False Claims Act provides that a *qui tam* relator shall receive an amount for reasonable expenses which have been necessarily incurred, plus reasonable attorneys' fees and costs. These are to be awarded against the defendant. 31 U.S.C. §3730(d)(1). Once it is determined that a petitioning party is entitled to the recoupment of fees and expenses, a court must determine what fees and expenses are reasonable.

In determining a reasonable amount of attorneys' fees in *qui tam* actions filed pursuant to the FCA, the district court applies the lodestar method. *See United Sates ex rel. John Doe I v. Penn. Blue Shield,* 54 F.Supp.2d 410, 413 (N.D.Penn. 1999). The lodestar method is calculated by multiplying the number of hours reasonable expended in the litigation by a reasonable hourly rate. *Id.* at 414. Once the lodestar amount is calculated, it is presumed to be reasonable and, only in rare and exceptional circumstances, will the amount be adjusted. When determining the final lodestar amount, courts are guided by twelve recognized factors. *See Zoll v. Eastern*

*Allanmakee Community School Dist.,* 588 F.2d 246, 252 n.11 (8th Cir. 1978). These factors include: 1) the time and labor required; 2) the novelty and difficulty of the question involved; 3) the skill required to properly perform the legal services; 4) the preclusion of other employment due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Therefore, in order to determine a reasonable amount of attorneys' fee and expenses to which the Hospital is entitled, the Court will apply the lodestar method and the above factors.

This case was a lengthy medical fraud case. The issues involved were both novel and difficult and required the expenditure of great time and labor by attorneys skilled in complex litigation and health-related matters. The litigation was successful in that medicare fraud was eliminated and the government recovered hundreds of thousands of dollars which it would not have otherwise recovered. In the case, Magnolia Hospital wore numerous hats. It was a *qui tam* relator, a defendant and a third party plaintiff. Even though the Hospital incurred attorneys' fees and expenses in connection with each role it played in this case, it is only entitled to reimbursement of those fees and expenses that related to its role as *qui tam* relator. Any fees or expenses incurred by the Hospital in defending itself against the government's lawsuit or in prosecuting its third party suit against the four former MBA employees will not be reimbursed. With these parameters in mind, the Court will examine the legal bills of the two law firms that represented Magnolia Hospital in this matter–the Health Law Firm and Perroni & James, P.A.

*The Health Law Firm's Attorneys' Fees*

It is apparent from the legal bills provided to the Court that the Health Law Firm was the lead counsel in representing the Hospital in its role as *qui tam* relator. Its representation began in September 1998, before the *qui tam* action was filed, and continued through the time the United States filed its Complaint in December 2000. After the government's complaint was filed, the firm's representation of the Hospital was primarily that of defending the Hospital in the government's suit against it and prosecuting the Hospital's third party complaint against the four former MBA employees. Although there were some occasions when the Health firm represented the Hospital in its role as relator after December 2000, the bulk of the firm's representation during that time was for the Hospital in its roles as defendant and/or third party plaintiff.

The Hospital requests that it be reimbursed $34,802.50 for attorneys' fees paid to the Health Law Firm. This figure includes fees for work performed for the Hospital in its role as third party plaintiff, and therefore, is unreasonable.

After reviewing the submitted legal bills and disregarding any fees performed for the Hospital in any role other than as relator, the Court finds that the Hospital is entitled to be reimbursed for 124.85 hours of work billed by the Health Law Firm. These hours were performed in connection with the Hospital's role as *qui tam* relator alone. It does not include any time from when the Hospital was acting as a defendant, as both a defendant and relator, or as a third party plaintiff. Eighty-one of these hours were billed by Harold Simpson at a rate of $190-$215 per hour and 43.85 hours were billed by various associates and staff at rates from $40-$170 per hour. The Court finds these hours to be reasonable and necessary; however, it finds the hourly rates charged to be unreasonable in light of the hourly rates charged by equally

competent attorneys in south Arkansas.

Therefore, the Court finds that 34.8 hours at a rate of $175 per hour and 46.2 hours at a rate of $185 per hour totaling $14,637.00 is a reasonable fee for the work performed by Harold Simpson. The Hospital should be reimbursed this amount. The Court also finds that 17.6 hours at a rate of $130 per hour, 15.75 hours at a rate of $125 per hour, .90 hours at a rate of $100 per hour and 9.6 hours at a rate of $40 per hour totaling $4,730.75 is a reasonable rate for work performed by the firm's various associates and clerical staff. The Hospital should be reimbursed this amount.

The Hospital also seeks to be reimbursed $1,004.11 for the expenses charged by the Health Law Firm during its representation of the Hospital. After reviewing the submitted expenses and disregarding any expenses associated with work for the Hospital in any role other than as relator, the Court finds that $476.70 in expenses was reasonable and necessary in the firm's representation of the Hospital in its role as *qui tam* relator. The Court finds that the Hospital should be reimbursed this amount.

*Perroni & James' Attorneys' Fees*

It is apparent from the legal bills submitted to the Court that Perroni & James' representation of the Hospital in its role as *qui tam* relator was limited. In fact, its representation of the Hospital from 1998 through 2000 appears to be limited to various telephone conferences between Harold Simpson and Sam Perroni. The bulk of the work performed by the firm was after the government filed its Complaint in December 2000 and the Hospital took on the roles of defendant and third party plaintiff. Although there are some occasions when the Perroni firm represented the Hospital in its role as relator after December 2000, the bulk of its representation

during that time was for the Hospital in its roles as defendant and/or third party plaintiff.

The Hospital requests that it be reimbursed $33,124.00 for attorneys' fees which it paid the law firm of Perroni & James for work in this case. This figure includes fees for work performed for the Hospital in its role as third party plaintiff, and is, therefore, unreasonable.

After reviewing the submitted legal bills and disregarding any fees performed for the Hospital in any role other than as relator, the Court finds that the Hospital is entitled to be reimbursed for 37.27 hours of work billed by the law firm of Perroni & James, P.A. These hours were performed in connection with the Hospital's role as *qui tam* relator alone. It does not include any time when the Hospital was acting as a defendant, as both a defendant and relator, or as a third party plaintiff. The Court finds these hours to be reasonable and necessary; however, it finds the rates charged by Mr. Perroni ($275 per hour), Mr. James ($185-$195 per hour) and their associates ($150-$160 per hour) to be unreasonable in light of the hourly rates charged by equally competent attorneys in south Arkansas. Therefore, the Court finds that 11.4 hours at a rate of $175 per hour, 14.17 hours at a rate of $150 per hour and 11.7 hours at a rate of $125 per hour totaling $5,583.00 is reasonable for work performed by Mr. Perroni, Mr. James and their associates. The Hospital should be reimbursed this amount.

The Hospital also seeks to be reimbursed $7,227.01 for the expenses charged by Perroni & James during its representation of the Hospital. After reviewing the submitted expenses and disregarding any expenses associated with work for the Hospital in any role other than as relator, the Court finds that $418.84 in expenses was reasonable and necessary in the firm's representation of the Hospital in its role as *qui tam* relator. The Hospital should be reimbursed this amount.

## CONCLUSION

For the reasons discussed herein above, the Defendants' renewed Motion to Reconsider and Motion for Evidentiary Hearing and Discovery should be and hereby are **denied**. Magnolia City Hospital's renewed Petition for Reimbursement of Expenses, Fees and Costs Against MBA Defendants is hereby **granted**. The Court's November 12, 2002, Order stands. In accordance with that Order and this Memorandum Opinion, the Court finds that Magnolia City Hospital is entitled to judgment against the Defendants, Medical Business Associates, L.L.C., Harold Evans, Greg Evans and Bunker Hill, L.L.C. in the following amounts: 1) $150.00 for court costs and $115,224.80 for two thirds of the expense of hiring ZA Consulting, along with post-judgment interest calculated from the date of the Court's November 12, 2002, Order until paid; and 2) $24,950.75 for reasonable attorneys' fees associated with the Hospital's role as *qui tam* relator and $895.54 for expenses associated with work for the Hospital in its role as *qui tam* relator, along with post judgment interest calculated from this date until paid. A judgment of even date shall be issued.

IT IS SO ORDERED, this 26th day of September, 2005.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge