IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


UNITED STATES OF AMERICA
ex rel. MAGNOLIA CITY HOSPITAL                                    PLAINTIFF


VS.                                    CASE NO. 98-1097


MEDICAL BUSINESS ASSOCIATES, L.L.C.;
HAROLD EVANS; GREG EVANS; BUNKER
HILL, L.L.C.; AND MAGNOLIA CITY HOSPITAL                          DEFENDANTS


## ORDER

Before the Court is a Motion for Stay and Approval of Supersedeas Bond filed on behalf of the Defendants, Medical Business Associates, L.L.C., Harold Evans, Greg Evans, and Bunker Hill, L.L.C. (Doc. No. 205). Defendants seek a stay of the execution of the judgment in this case pending resolution of their appeal to the Eighth Circuit Court of Appeals.

### BACKGROUND

This is a False Claims Act case brought by the Plaintiff, Magnolia City Hospital, in its capacity as a *qui tam relator* against the Defendants, Medical Business Associates, L.L.C., Harold Evans, Greg Evans, and Bunker Hill, L.L.C. On November 12, 2002, an Order was entered by this Court directing the Defendants to reimburse the Hospital $150.00 for court costs and $115,224.80 for two thirds of the cost of hiring ZA Consulting. The Defendants were also ordered to pay reasonable attorneys' fees, the amount to be determined at a later date. On December 12, 2002, the Defendants appealed the Court's Order to the Eighth Circuit Court of Appeals. In order to stay the execution of the judgment in the case, the Defendants posted a

supersedeas bond on January 31, 2003. The bond was in the amount of $130,000 and covered the Defendants' "liability that may accrue in favor of the Plaintiff/Appellee pursuant only to this appeal."[1] On December 23, 2003, the Court approved the bond and stayed the execution of the judgment pending the appeal. On August 2, 2004, the Eighth Circuit ruled the Order that the Defendants appealed was not final. Therefore, the appeal was dismissed for lack of jurisdiction and returned to this Court.

After the case was returned to this Court, a new judgment was entered. This judgment reaffirmed the Court's earlier Order directing the Defendants to pay the Hospital $150.00 for court costs and $115,224.80 for two thirds of the cost of hiring ZA Consulting and ordered the Defendant to pay an additional $24,950.75 for attorneys' fees and $895.54 for expenses, along with post-judgment interest. On October 19, 2005, the Defendants filed an appeal from this judgment. Because a new supersedeas bond has not been tendered by the Defendants nor approved by the Court, the Hospital has requested that it be allowed to register its judgment in the United States District Court for the Middle District of Tennessee in order to execute on the Defendants' assets in that district. Defendants have now tendered to the Court a "change rider" to its former bond for the Court's approval and ask the Court to stay the execution of the judgment pending its new appeal to the Eighth Circuit.

Upon consideration, the Court finds the supersedeas bond tendered by the Defendants to be insufficient. The "change rider" submitted by the Defendant increases the amount of the original bond from $130,000 to $150,000. However, the original bond appears to have expired by its own terms—it only covered the liability that the Defendants might accrue in favor of the Hospital in connection with their 2002 appeal. The 2002 appeal has been dismissed by the

---

[1] Def.'s Supersedeas (Appeal) Bond, Court Docket Entry No. 183, December 23, 2003.

Eighth Circuit. The Defendants are now involved in a new appeal of a new judgment. Therefore, a new supersedeas bond should be tendered for the Court's approval.

CONCLUSION

The Court finds the supersedeas bond tendered by the Defendants in this case to be insufficient. Therefore, the Court hereby **denies** their motion for stay and approval of supersedeas bond. Defendants are directed to tender to the Court a new supersedeas bond in the amount of $150,000. The bond should be executed by all Defendants in this action and should be tendered within twenty (20) days of the day of this Order. Upon the Court's approval of the tendered bond, the Court will stay the execution of the judgment in this case pursuant to Fed.R.Civ.P. 62(d).

IT IS SO ORDERED, this 11th day of July, 2006.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge