IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA
ex rel. MAGNOLIA CITY HOSPITAL                                        PLAINTIFF

VS.                                    CASE NO. 98-1097

MEDICAL BUSINESS ASSOCIATES, L.L.C.;
HAROLD EVANS; GREG EVANS; BUNKER
HILL, L.L.C.; AND MAGNOLIA CITY HOSPITAL                              DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Leave to Register Judgment in the United States District Court for the Middle District of Tennessee and Motion to Compel Defendants' Responses to Discovery in Aid of Execution. (Doc. Nos. 203 and 204). The Defendants have filed responses to the motions. (Doc. Nos. 206 and 207). The Plaintiff has filed a reply to the responses. (Doc. No. 208).

### BACKGROUND

This is a False Claims Act case brought by the Plaintiff, Magnolia City Hospital, in its capacity as a *qui tam relator* against the Defendants, Medical Business Associates, L.L.C., Harold Evans, Greg Evans, and Bunker Hill, L.L.C. On November 12, 2002, an Order was entered by this Court directing the Defendants to reimburse the Hospital $150.00 for court costs and $115,224.80 for two thirds of the cost of hiring ZA Consulting. The Defendants were also ordered to pay reasonable attorneys' fees, the amount to be determined at a later date. On December 12, 2002, the Defendants appealed the Court's Order to the Eighth Circuit Court of

Appeals. In order to stay the execution of the judgment in the case, the Defendants posted a $130, 000 supersedeas bond on January 31, 2003. On December 23, 2003, the Court approved the bond and stayed the execution of the judgment pending the appeal. On August 2, 2004, the Eighth Circuit ruled the Order that the Defendants appealed was not final. Therefore, the appeal was dismissed for lack of jurisdiction and returned to this Court.

After the case was returned to this Court, a new judgment was entered. This judgment reaffirmed the Court's earlier Order directing the Defendants to pay the Hospital $150.00 for court costs and $115,224.80 for two thirds of the cost of hiring ZA Consulting and ordered the Defendant to pay an additional $24,950.75 for attorneys' fees and $895.54 for expenses, along with post-judgment interest. On October 19, 2005, the Defendants filed an appeal from this judgment.

Because a new supersedeas bond has not been tendered by the Defendants nor approved by the Court, the Hospital is now requesting that 1) it be allowed to register its judgment in the United States District Court for the Middle District of Tennessee in order to execute on the Defendants' assets in that district and 2) that the Defendants be compelled to answer its First Set of Interrogatories and Requests for Production of Documents in Aid of Execution propounded on each of the four defendants. The Defendants have responded stating that the above motions should be denied because they have tendered a supersedeas bond for the Court's approval that will allow the Court to stay the execution of the judgment pending the resolution of its appeal to the Eighth Circuit.

The Court found the supersedeas bond submitted by the Defendants to be insufficient. (Doc. No. 209). However, it has ordered the Defendants to tender for Court approval a new supersedeas bond in the amount of $150,000. This bond is to be submitted to the Court within

twenty (20) days of the Court's Order and, if an acceptable bond is so submitted, the Court will stay the execution of the judgment in this case pursuant to Fed.R.Civ.P. 62(d). In light of this Order, the Court finds that the Hospital's Motion for Leave to Register Judgment in the United States District Court for the Middle District of Tennessee and Motion to Compel Defendants' Responses to Discovery in Aid of Execution should be denied at this time. If, however, the Defendants fail to comply with the Court's Order, the Court will reconsider the Hospital's motions.

## CONCLUSION

Accordingly, the Court finds that the Hospital's Motion for Leave to Register Judgment in the United States District Court for the Middle District of Tennessee and Motion to Compel Defendants' Responses to Discovery in Aid of Execution should be and hereby are **denied** at this time. If the Defendants fail to comply with the Court's Order directing them to tender a new supersedeas bond in the amount of $150,000 within twenty (20) days of its Order, the Hospital may refile the above motions for the Court's consideration.

IT IS SO ORDERED, this 11th day of July, 2006.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge